Vidal, Demandante y Apelante, *v.* Martínez et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre partición de bienes comunes y devolución de dinero.

No. 1532.—Resuelto en febrero 20, 1917.

Desistimiento del Pleito—Contrademanda Renunciada Mediante Condición no Aceptada—Honorarios de Abogado.—Si bien el artículo 192 del Código de Enjuiciamiento Civil concede a todo demandante el derecho de desistir de la continuación de su pleito antes del juicio, previo el pago de las costas, cuando no media una reconvención o cuando el demandado en su contestación o en la contrademanda no ha solicitado alguna resolución a su favor, si, como ocurre en este caso, existe una contrademanda a la que sólo se renuncia mediante la condición no aceptada por la parte demandante de que se le condenara al pago de los honorarios del abogado del demandado, no procede decretar el sobreseimiento del pleito.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Francisco Otero Rivera.*

Abogados del apelado, José E. Martínez: *Sres. Benet y Souffront.*

El otro apelado Víctor Honoré no compareció.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

En pleito pendiente en la Corte de Distrito de Mayagüez promovido por María Vidal contra José E. Martínez y otro sobre división de bienes poseídos en comunidad y entrega de $400 por rentas no pagadas, la parte demandante solicitó de la corte que sobreseyese y archivase el pleito toda vez que había transado con Martínez de quien recibió la cantidad de $1,050.

En oposición a esa petición alegaron los abogados de Martínez que éste no tenía conocimiento de que las partes se hubieran puesto de acuerdo privadamente y que toda vez que su representación no tenía noticia alguna del deman-

dado, ni le habían sido satisfechos sus derechos como abo-
gados del demandado, solicitaba Martínez que no se acce-
diera a la petición de la demandante y que si se decretaba el
sobreseimiento se le impusiera el pago de los honorarios de
la representación de dicho demandado.

Discutida la moción de la demandante y estando pendiente
su resolución, los abogados de Martínez ampliaron su ante-
rior oposición ratificándola y agregando que existía en el
pleito una contrademanda y una rebeldía anotada a la deman-
dante por no haberla contestado pero que el demandado re-
nunciaba a ella siempre que la demandante fuera condenada
a pagar las costas, desembolsos y los honorarios de su abo-
gado y pidieron que en tal sentido se dictase sentencia. Oída
esta moción por la corte sin que a la vista concurriera el
abogado de la demandante, fué resuelta en el mismo acto de-
clarándola con lugar. De esta resolución pidió reconsidera-
ción la parte demandante y antes de ser resuelta, la corte
dictó sentencia ordenando el sobreseimiento y archivo del
pleito con las costas, gastos y honorarios del abogado del
demandado Martínez a cargo de la demandante. Posterior-
mente desestimó la moción de reconsideración.

Interpuesto recurso de apelación por la demandante soli-
cita que revoquemos la sentencia fundándose en que no de-
bió ser condenada a pagar honorarios de abogado.

Si bien el artículo 192 del Código de Enjuiciamiento
Civil concede a todo demandante el derecho de desistir de
la continuación de su pleito antes del juicio, previo pago de
las costas, cuando no mediase una reconvención o cuando
el demandado en su contestación o en la contrademanda no
hubiese solicitado alguna resolución a su favor, como en este
caso existía una contrademanda de Martínez, no tenía dere-
cho la demandante al sobreseimiento de su pleito a menos
que el demandado renunciase a su contrademanda. Es cierto
que el demandado Martínez hizo tal renuncia y consintió en
que se decretase el sobreseimiento pedido, pero fué con la
condición de que se condenara a la demandante a pagarle

los honorarios de su abogado, condición que no consta que aceptara la demandante.

En tal situación este caso, la resolución procedente era la de denegar la moción de sobreseimiento de la demandante por existir una contrademanda a la que sólo se renunciaba mediante una condición no aceptada por la parte que solicitaba el sobreseimiento.

La sentencia apelada debe ser revocada y debemos dictar nosotros otra declarando sin lugar la moción de desistimiento de la parte demandante.

> *Revocada la sentencia apelada y dictada otra declarando sin lugar el desistimiento de la demanda y ordenándose la continuación del pleito.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.